SENECA FOSTER *v.* JONAH CARPENTER.

CALEDONIA,
July,
1839.

Where the minute of a recognizance on a writ of *audita querela*, where neither the body nor property had been taken in execution, was in these words, ——— ——— "recognized to the defendant, in the sum of forty dollars to insure costs of prosecution, *in due form of law;*" it was held sufficient, and no ground of abatement. Quære. Is any minute of *recognizance necessary,* in *audita querela.*

THIS was a writ of *audita querela,* to set aside an execution, on which neither body nor property had been taken. In the county court, a plea in abatement was interposed, for the insufficiency of the recognizance. This plea was overruled by the county court, and the defendant excepted; and after judgment in chief, for the plaintiff, the cause was passed to this court on said exception. The minute of the recognizance upon the writ, was in these words, " A. B. recognized to the defendant in the sum of forty dollars to insure costs of prosecution, in due form of law."

*D. Hibbard,* for defendant.

In cases when neither the body nor the estate of the complainant has been taken in execution the recognizance should be conditioned for the payment of intervening damages and costs. 1 Comp. Statute, 61.

Without such a recognizance, if the complainant should abscond, or put his estate out of the reach of an execution, the creditor's debt and damages would be lost.

The recognizance, in this case, only secures the costs in this action. It does not secure the damages that Carpenter may sustain by the loss of his debt, in having his execution superseded, nor does it secure to him interest on his debt, since the stay of execution.

Interest is additional damages, and not costs. In an *audita querela,* the statute expressly requires that sufficient security be taken for the re-delivery of the body or property, &c. *Hiecock* v. *Hiecock,* 1 D. Chipman's R. 134.

It is enacted by the statute, that a minute of the recognizance is to be made in actions of *audita querela,* as in case of attachment, which is only to ensure costs. Then if a recognizance for costs is sufficient, what necessity is there for the 11th section of the judiciary act ? The legislature must have had some motive, in enacting that part of the 11th

CALEDONIA,
July,
1839.

Foster
v.
Carpenter.

section which requires the judge to take the security there-in mentioned.

See the various statutes in relation to appeals—the binding up of criminals, &c. The recognizance in all these cases is for something more than costs. It is for the security of intervening damages—or that the respondent shall personally appear before said court and not depart until released, &c.

*T. Bartlett,* for complainant.

The authority, signing a writ, is presumed to make a record of the recognizance, at length, but is required to make only a *minute* of it in the writ. And in the present case the requirement of the statute is sufficiently complied with. *Slack* v. *Houghton,* 10 Vt. R. 520.

The opinion of the court was delivered by

COLLAMER, J.—When a bond of recognizance is required by law to be taken, the authority is to take it in due form of law and is supposed to make a record thereof, at full length, and to preserve the same. Of this, when applied for, a copy is furnished, which is used in court. In case of the issue of the ordinary process of summons or attachment, the statute requires that the plaintiff shall give a recognizance conditioned " that the plaintiff shall prosecute his writ to effect, and shall answer all *damages* if a judgment shall be rendered against him, a minute of which recognizance, with the name of the surety, and the sum in which they are bound, shall be made on the writ, and signed by the authority, otherwise the same shall, on motion, abate." This *minute* is not the recognizance. It is a mere memorandum or certificate that a recognizance has been taken. It does not contain the condition of the recognizance. It need only contain the names and amount. The absence of this minute would never be ground of abatement, were it not for the absolute provision of the statute, in such case. Were it not for that, the courts would always permit it to be amended, provided a recognizance were actually taken, so that it could be amended with truth.

The present case has been argued as if the writ of *audita querela* stood upon the same footing, and subject to the same law. Even if this were so, we do not discover that this minute is insufficient. It contains the name of the per-

son recognised, and the sum in which he was bound and the rest may be treated as surplusage. In ordinary cases the statute requires that the recognizance shall be to pay all *damages*, yet the minute always is " to insure *costs* of prosecution," and such is the form given in the statute of forms.

But the statute regulating *audita querela* is contained in the statute regulating judicial proceedings, sec. 11, page 61, and is entirely different from ordinary writs. It provides that a recognizance shall be taken, the condition of which differs in different cases. It does not, in terms, require that any minute of the recognizance shall be made on the writ, nor provide that the writ shall abate for want thereof. It may, therefore, much be doubted whether the want of a minute be any ground of abatement.

Judgment affirmed.